UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------- X

MAURICE HOLDEN,

                         Plaintiff,    **COMPLAINT**

           -against-

CITY OF NEW YORK; DET. MATTHEW REICH;    **JURY TRIAL DEMANDED**
P.O. JOHN/JANE DOES #1-10; the individual
defendant(s) sued individually and in    CIVIL ACTION NO.
their official capacities,    2:21-CV-01653

                         Defendants.

----------------------------------------- X

### PRELIMINARY STATEMENT

    1.  This is a civil rights, common law, and tort action in which plaintiff seeks relief for the violation of his rights secured by the laws of the State of New York; New York State Constitution; 42 U.S.C. §§ 1983 and 1988; and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.  Plaintiff's claims arise from a wrongful arrest and prosecution initiated by the members of the New York City Police Department on September 16, 2021 through August 20, 2022. City of New York,and members of the New York City Police Department, and Detective Reich subjected plaintiff to, among other things, misused confidential informants to fabricate claims against Plaintiff, unlawful search and seizure, excessive force, false arrest, malicious prosecution by fabrication of evidence and coercion, failure to intervene, and implementation

and continuation of an unlawful municipal policy, practice, and custom.  Plaintiff seeks compensatory and punitive damages from the individual defendants, compensatory damages from the municipal defendant, declaratory relief, an award of costs and attorney's fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION & VENUE

2.    Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3.    Venue is proper here pursuant to 28 U.S.C. § 1391 because some of the acts in question occurred in Richmond County, and Richmond County is subject to personal jurisdiction in the Eastern District of New York.

## PARTIES

4.    Plaintiff Maurice is an African American male, who is a resident of the State of New York, Suffolk County.

5.    At all times alleged herein, defendant City of New York was a municipal corporation organized under the laws of the State of New York, which violated plaintiff's rights as described herein.

6.    At all times alleged herein, defendant Detective Matthew Reich (hereinafter, "Det. Reich"), was a duly sworn police officer of the SCPD, acting under color of law and within

the scope of his employment as a Suffolk County police officer,

who violated plaintiff's rights as described herein.

7.   At all times alleged herein, defendant Supervisor

P.O. John/Jane Doe # 1 was a duly sworn police officer of the

SCPD, acting under color of law and within the scope of his

employment as a Suffolk County police officer, who violated

plaintiff's rights as described herein.

8.   At all times alleged herein, defendants P.O.

John/Jane Does #1-10, were duly sworn police officers of the

SCPD, acting under color of law and within the scope of their

employment as Suffolk County police officers, who violated

plaintiff's rights as described herein.

9.   At all times alleged herein, defendant City of

New York was the employer of the individual defendants, and is

and was at all times relevant to this complaint responsible for

the policies, practices and customs of the NYPD.

10.  The individual defendants are sued in their

individual and official capacities.


**STATEMENT OF FACTS**

**THE INCIDENT**

11.  On September 16, 2021 through August 20, 2022,

upon information and belief, Defendants, at times acting in

concert, and at times acting independently, committed the following illegal acts against plaintiff.

12.    On September 16, 2021, defendants Det. Reich and P.O. John/Jane Does #1-10 of the New York City Police Dept. forcibly broke into Plaintiff's home located at 247 Maple Parkway, Staten Island, NY.

13.    Plaintiff who is an African American male was one of a few African American male residents at this Condo complex.

14.    Defendants Det. Reich and P.O. John/Jane Does #1-10 fabricated out of whole cloth, conspiring together to falsely allege and swear that on September 16, 2021, they obtained a search warrant  to enter Plaintiff's home.

15.    Each of these defendant officers fabricated this information and further coerced confidential informants to falsely implicate Plaintiff in criminal activity.

16.    In fact, on September 16, 2021, at around 6:00 am,  Mr. Holden was home sleeping with in the bedroom with his partner when the individual defendant's forcibly entered his home, searched his home and falsely arrested Plaintiff and his partner although no crime was committed.

17.    Despite Plaintiff's lack of involvement in any criminal activity, defendants Det. Reich and P.O. John/Jane Does #1-10, still conspired to, and did, fabricate criminal charges against Plaintiff.

4

18.    Specifically, defendants Det. DiGregorio and P.O. John/Jane Does #1-10 conspired to falsely complete and compel others to complete official documentation supporting their fabrication that they recovered illegal contraband from Plaintiff's home.

19.    In furtherance of their illegal actions, Det. Reich and P.O. John/Jane Does #1-10, pursuant to a conspiracy, falsely and maliciously told the District Attorney's Office that Mr. Holden had committed various crimes, and forwarded the District Attorney's Office fabricated and falsely created evidence linking the Plaintiff Holden to various crimes including but not limited to possession of a controlled substance in the 7th Degree.

20.    On August 20, 2022, because the case had no merit and had been a frame up from the beginning, the District Attorney finally dismissed all criminal charges in its entirety, terminating said matter in Mr. Holden's favor.

**GENERAL ALLEGATIONS**

21.    The aforesaid violations of plaintiff's rights are not an isolated incident.  Defendant City of New York is aware from lawsuits, notices of claim and complaints that many members of the NYPD are insufficiently trained on the proper way to investigate and prosecute crimes.

5

22.   Defendant City of New York is further aware that such improper training has often resulted in a deprivation of civil rights.  Despite such notice, the City of New York has failed to take corrective action.  This failure caused the defendants to violate plaintiff's rights and injure plaintiff.

23.   Moreover, defendant City of New York was aware prior to the incident that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed.  Despite such notice, defendants retained these individuals, and failed to adequately train and supervise them.

24.   At all times defendant City of New York by the NYPD, and its agents, servants and/or employees, carelessly, and recklessly trained the individual defendants for the position of police officers.

25.   At all times defendant City of New York by the NYPD, and its agents, servants and/or employees, carelessly, and recklessly supervised, controlled, managed, maintained and inspected the activities of the individual defendants.

26.   At all times defendant City of New York by the NYPD, and its agents, servants and/or employees caused, permitted, and allowed the individual defendants to act in an illegal, unprofessional, and/or deliberate manner in carrying out their official duties and/or responsibilities.

27.    At all times defendant City of New York by the NYPD, and its agents, servants and/or employees carelessly, and recklessly retained in its employ, the individual defendants, who were clearly unfit for their positions, who acted in an illegal, unprofessional, and/or deliberate manner in carrying out their official duties and/or responsibilities.

28.    The occurrence(s) and injuries sustained by plaintiff, were caused solely by, and as a result of the malicious, reckless, and/or intentional conduct of defendant City of New York and its agents, servants and/or employees, as set forth above, without provocation on the part of plaintiff contributing thereto, specifically, the reckless manner in which said defendant hired, trained, supervised, controlled, managed, maintained, inspected and retained the individual defendants.

29.    The individual defendants acted in concert committing the above-described illegal acts toward plaintiff.

30.    The plaintiff did not violate any law, regulation, or administrative code; commit any criminal act; or act in a suspicious or unlawful manner prior to or during the above incidents.

31.    At no time prior to, during or after the above incidents were the individual defendants provided with information, or in receipt of a credible or an objectively reasonable complaint from a third person, that plaintiff had

7

violated any law, regulation, or administrative code; committed any criminal act; or acted in a suspicious or unlawful manner prior to or during the above incidents.

32. The defendants acted under pretense and color of state law and within the scope of their employment. Said acts by said defendants were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of his rights.

33. As a direct and proximate result of defendants' actions, plaintiff experienced personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

34. The individual defendants, at times acted in concert, and at times acted independently in committing the aforementioned illegal acts against plaintiff.

35. Plaintiff is entitled to receive punitive damages from the individual defendants because the individual defendants' actions were motivated by extreme recklessness and indifference to plaintiff's rights.

36. Upon information and belief, the unlawful actions against plaintiff were also based on profiling.

## FIRST CLAIM

### (FALSE ARREST UNDER FEDERAL LAW)

37.  Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

38.  Defendants falsely arrested plaintiff without consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion that plaintiff had committed a crime.

39.  Accordingly, defendants are liable to plaintiff for false arrest under 42 U.S.C. § 1983; and the Fourth and Fifth Amendments to the United States Constitution.

## SECOND CLAIM

### (UNLAWFUL SEARCH AND SEIZURE UNDER FEDERAL LAW)

40.  Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

41.  Defendants unlawfully stopped and searched plaintiff without cause, a warrant, or consent.

42.  Accordingly, defendants are liable to plaintiff for unlawful search and seizure under 42 U.S.C. § 1983; and the Fourth and Fifth Amendments to the United States Constitution.

## THIRD CLAIM

### (EXCESSIVE & UNREASONABLE FORCE)

43.  Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

44.    The defendant police officer's use of force upon plaintiff, as described herein, and the individual defendant police officer's failure to intervene, was objectively unreasonable.

45.    The defendant police officers did not have an objective and/or reasonable basis to use any degree of force against plaintiff, since plaintiff was unarmed, compliant, and did not resist arrest.

46.    Those defendant police officers who did not touch plaintiff, witnessed these acts, but failed to intervene and protect plaintiff from this conduct.

47.    Accordingly, the defendant police officers are liable to plaintiff for using unreasonable and excessive force, pursuant to 42 U.S.C. § 1983; and the Fourth Amendment to the United States Constitution.

<u>**FOURTH CLAIM**</u>

**(FAILURE TO INTERVENE)**

48.    Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

49.    Defendants had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights, but they failed to intervene.

50.   Accordingly, the defendants are liable to plaintiff for failing to intervene to prevent the violation of plaintiff's constitutional rights.

## FIFTH CLAIM

### (MALICIOUS PROSECUTION UNDER FEDERAL LAW)

51.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

52.   Defendants were at all times acting under color of state law and in the scope of their employment.

53.   Defendants initiated criminal proceedings against Plaintiff in Richmond County, where he was charged with various crimes.

54.   The criminal charges against Mr. Holden were terminated in his favor as all charges were dismissed.

55.   The prosecution was not supported by probable cause that Mr. Holden had committed any of the charged crimes.

56.   Plaintiff suffered substantial damage from the malicious prosecution as set forth below.

57.   The individual defendants lacked probable cause to believe the above-stated malicious prosecution could succeed.

58.   The individual defendants initiating the above-stated malicious prosecution to cover up their illegal and unconstitutional conduct and force plaintiff into informing on his criminal case co-defendants and other individuals.

59.  The above-stated malicious prosecution caused a sufficient post-arraignment liberty restraint on plaintiff.

### **SIXTH CLAIM**

**(MONELL CLAIM)**

60.  Defendant City of New York, through a policy, practice and custom, directly caused the constitutional violations suffered by plaintiff.

61.  Upon information and belief, defendant City of New York, at all relevant times, was aware that the defendants were unfit officers who have previously committed the acts alleged herein, have a propensity for unconstitutional conduct, or have been inadequately trained.

62.  Nevertheless, defendant City of New York exercised deliberate indifference by failing to take remedial action.  The City failed to properly train, retrain, supervise, discipline, and monitor the individual defendants and improperly retained and utilized them.  Moreover, upon information and belief, defendant City of New York failed to adequately investigate prior complaints filed against the individual defendants.

63.  Further, defendants City of New York was aware prior to the incident that the individual defendants (in continuation of its illegal custom, practice and/or policy)

12

would stop, arrest, and prosecute innocent individuals, based on pretexts and false evidence.

64.   In addition, the following are municipal policies, practices, and customs: (a) arresting and prosecuting innocent individuals; (b) fabricating evidence against individuals; and (c) retaliating against individuals who engage in free speech and assert alibis that have been verified by the defendants.

**WHEREFORE**, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a.   Compensatory damages in an amount to be determined by a jury;

b.   Punitive damages in an amount to be determined by a jury;

c.   Costs, interest, and attorney's fees, pursuant to 42 U.S.C. § 1988; and

d.   Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.


DATED:    New York, New York
          September 16, 2024


                              IGBOKWE, PLLC D/B/A


13

Law Office of William Igbokwe
*Attorney for Plaintiff*
28 Liberty Street, 6th Floor
New York, New York 1000
(347)467-4674
will@iwlaws.com
By:

_____
O. Williams Igbokwe, ESQ.