**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MAURICE HOLDEN,<br><br>                                     Plaintiff,<br><br>-against-<br><br>CITY OF NEW YORK; NEW YORK CITY POLICE DEPARTMENT CAPT. SCOTT WEISBERG, LT. MICHAEL DIBENEDETTO, DET. MATHEW REICH, DET. CHRISTIA CATALDO, DET. ASHLAND MENELAS, SGT. MICHAEL DALBERO, SGT. STEPHEN NAPOLITANO, PO DOMINICK LIBRETTI, PO MICHAEL FORSTER, PO ALLISON BATTEZZATO, PO ARTHUR TRUSCELLI, PO EDWARD RUFFE, PO NICHOLAS FESTA; NYPD PO JOHN AND JANE DOES #1-10, all of the above individual Defendants, including named are sued in their individual and official capacities,<br><br>                                     Defendants. | **AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>**CIVIL ACTION NO. 1:24-cv-06495-ERK-PK** |

Plaintiff, Maurice Holden, by and through his undersigned attorneys, Igbokwe PLLC dba Law Office of William Igbokwe, for his Complaint against Defendants, states on knowledge as to his own actions and otherwise upon information and belief as follows:

**PRELIMINARY STATEMENT**

1. This is a civil rights, common law, and tort action in which Plaintiff seek relief for the violation of his rights secured by the laws of the State of New York, New York State Constitution, 42 USC §§1983 and 1988, as well as the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution, and common law claims.

2. Plaintiff's claims arise from a wrongful arrest and prosecution initiated by the members of the New York City Police Department ("NYPD") on September 16, 2021, through August 20, 2022. The City of New York ("City") and NYPD officers subjected Plaintiff to, among other things, improper use of confidential informants to fabricate claims against him, unlawful search and seizure, excessive force, false arrest, malicious prosecution through evidence

fabrication and coercion, failure to intervene, and implementation and continuation of unlawful municipal policies, practices, and customs.

3. Plaintiff seeks compensatory and punitive damages from the individual Defendants, compensatory damages against the municipal Defendant, declaratory relief, an award of costs, interests, attorney's fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION & VENUE

4. This Court has jurisdiction over this controversy pursuant to the aforementioned statutes and 28 USC §§ 1331 and 1343.

5. Venue is proper here pursuant to 28 USC § 1391 because the events giving rise to Plaintiff's claims occurred in Richmond County, which is subject to personal jurisdiction in the Eastern District of New York.

## THE PARTIES

6. Plaintiff Maurice Holden is an African American male, who is a resident of the State of New York, Richmond County.

7. At all times referred to herein, Defendant City was, and still is, a municipal corporation and/or entity organized under the laws of the State of New York, which violated Plaintiff's rights as described herein. At all times referred to herein, Defendant NYPD was, and still is, a duly authorized agency, public authority, and/or police department of Defendant City, authorized to perform all functions of a police department in accordance with the applicable sections of the municipal corporation, City of New York, which violated Plaintiff's rights as described herein.

8. At all times referred to herein, Defendants Captain Scott Weisberg, Lieutenant Michael Dibenedetto, Detective Matthew Reich, Detective Christia Cataldo, Detective Ashland Menelas, Sergeant Michael Dalbero, Sergeant Stephen Napolitano, Police Officer Dominick Libretti, Police Officer Michael Forster, Police Officer Allison Battezzato, Police Officer Arthur Truscelli, Police Officer Edward Ruffe, Police Officer Nicholas Festa, and NYPD PO John and Jane Does #1-10 (hereinafter "Defendant Police Officers") were duly sworn police officers of the NYPD, acting under color of law and within the scope of their employment as NYPD officers, who violated Plaintiff's rights as described herein.

9. At all times referred to herein, Defendant City was, and still is, the employer of the individual Defendants.

10. At all times referred to herein, Defendant City was, and still is responsible for the policies, practices and customs of the NYPD.

11. The individual Defendants are sued in their individual and official capacities.

## STATEMENT OF FACTS

12. On September 16, 2021, Defendants NYPD Police Officers forcibly broke into Plaintiff's home located at 247 Maple Parkway, Staten Island, NY.

13. Plaintiff, an African American male, was among the few African American residents in this Condo complex.

14. Defendant Police Officers conspired to fabricate evidence, falsely claiming they had obtained a valid search warrant for Plaintiff's home on September 16, 2021.

15. Defendant Officers further conspired by coercing confidential informants to falsely implicate Plaintiff in criminal activity.

16. On September 16, 2021, at approximately 6:00 am, while Mr. Holden and his partner were sleeping in their bedroom, the individual Defendants forcibly entered their home, conducted an unlawful search, and arrested both occupants without probable cause.

17. Despite Plaintiff's innocence, Defendant Officers conspired to fabricate criminal charges against him.

18. Defendant Officers furthered this conspiracy by falsifying official documentation claiming they had recovered illegal contraband from Plaintiff's home.

19. Det. Reich along with the other officers maliciously provided false information to the District Attorney's Office, including fabricated evidence purporting to link Plaintiff to various crimes, including Criminal Possession of a Controlled Substance in the Seventh Degree.

20. On August 20, 2022, the District Attorney's Office dismissed all criminal charges against Plaintiff in their entirety, thereby terminating the matter in his favor, as the case lacked merit and was based on fabricated evidence from its inception.

**GENERAL ALLEGATIONS**

21. The aforementioned violations of Plaintiff's rights are not an isolated incident. Defendant City, at all relevant times, was aware through lawsuits, notices of claim, and CCRB complaints that many NYPD members are inadequately trained in proper criminal investigation and prosecution procedures.

22. Despite awareness that this inadequate training has repeatedly resulted in civil rights violations, Defendant City has failed to implement corrective measures. This deliberate inaction directly caused Defendants to violate Plaintiff's rights.

23. Prior to this incident, Defendant City knew that the individual Defendants lacked the necessary objectivity, temperament, maturity, discretion, and disposition for law enforcement duties. Despite this knowledge, Defendant City retained these officers without providing adequate training or supervision.

24. Defendant City, through the NYPD and its agents, servants, and/or employees, negligently and recklessly trained the individual Defendants for their positions as police officers.

25. Defendant City, through the NYPD and its agents, servants, and/or employees, negligently and recklessly supervised, controlled, managed, maintained, and monitored the individual Defendants' activities.

26. Defendant City, through the NYPD and its agents, servants, and/or employees, enabled and permitted the individual Defendants to perform their official duties in an unlawful and unprofessional manner.

27. Defendant City, through the NYPD and its agents, servants, and/or employees, negligently and recklessly retained the individual Defendants despite their clear unfitness for their positions, as demonstrated by their unlawful, unprofessional, and deliberate conduct in performing official duties.

28. Plaintiff's injuries resulted solely from the malicious, reckless, and intentional conduct of Defendant City, its agents, servants, and/or employees, specifically through their reckless hiring, training, supervision, control, management, maintenance, inspection, and retention of the individual Defendants. Plaintiff in no way provoked or contributed to these occurrences.

29. The individual Defendants acted in concert to commit the aforementioned unlawful acts against Plaintiff.

30. Prior to and during these incidents, Plaintiff had not violated any law, regulation, or administrative code; committed any criminal act; or engaged in any suspicious or unlawful behavior.

31. At no time before, during, or after these incidents did the individual Defendants receive any credible or objectively reasonable complaint or information from any third party suggesting that Plaintiff had violated any law, regulation, or administrative code; committed any

criminal act; or engaged in any suspicious or unlawful behavior.

32. Defendants acted under color of law and within the scope of their employment. However, their actions exceeded their lawful jurisdiction and authority, constituting an abuse of power. Defendants acted willfully, knowingly, and with specific intent to deprive Plaintiff of his constitutional rights.

33. As a direct and proximate result of Defendants' actions, Plaintiff suffered personal and physical injuries, pain and suffering, fear and invasion of privacy, psychological and emotional distress, mental anguish, embarrassment and humiliation, and financial loss.

34. The individual Defendants acted both in concert and independently in perpetrating these unlawful acts against Plaintiff.

35. Plaintiff seeks punitive damages against the individual Defendants due to their extreme recklessness and deliberate indifference to Plaintiff's constitutional rights.

36. Upon information and belief, these unlawful actions against Plaintiff were motivated by discriminatory profiling.

## FIRST CLAIM
## (FALSE ARREST UNDER FEDERAL LAW)

37. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length here.

38. Defendants falsely arrested Plaintiff without his consent, a valid arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion that Plaintiff had committed or was about to commit a crime.

39. As a direct and proximate result, Defendants are liable to Plaintiff for false arrest under 42 USC § 1983, and the Fourth and Fifth Amendment to the United States Constitution.

## SECOND CLAIM
## (UNLAWFUL SEARCH AND SEIZURE UNDER FEDERAL LAW)

40. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length here.

41. Defendants unlawfully broke into Plaintiff's home and searched the same without Plaintiff's consent, a valid arrest warrant, a lawful search warrant, or probable cause.

42. As a direct and proximate result, Defendants are liable to Plaintiff for unlawful search and seizure under 42 USC § 1983, and the Fourth and Fifth Amendment to the United States

Constitution.

## THIRD CALIM

### (EXCESSIVE AND UNREASONABLE FORCE UNDER FEDERAL LAW)

43. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length here.

44. NYPD Defendant Police Officers use of force against Plaintiff was objectively unreasonable, as was their failure to intervene to prevent such force.

45. Defendants lacked any objective and/or reasonable basis to use force against Plaintiff because Plaintiff was unarmed, complaint, and did not resist arrest.

46. Those Defendant Police Officers who did not physically participate in the use of force but were present at the scene, witnessed the excessive force, and nonetheless failed in their duty to intervene and protect Plaintiff from this unlawful conduct.

47. As a direct and proximate result, Defendants are liable to Plaintiff for the use of unreasonable and excessive force under 42 USC § 1983 and the Fourth Amendment to the United States Constitution.

## FOURTH CLAIM

### (FAILURE TO INTERVENE)

48. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length here.

49. Defendants, in particular, Capt. Weisberg and Lt. Dibenedetto – as supervising officers who were present at the scene and had supervisory authority over the involved officers – had reasonable opportunity to prevent the violations of Plaintiff's constitutional rights but failed to do so despite being present during the violations, having the ability to intervene, and having a duty to intervene.

50. As a direct and proximate result, Defendants are liable to Plaintiff for failing to intervene to prevent the violation of Plaintiff's constitutional rights.

## FIFTH CLAIM

### (FALSE IMPRISONMENT UNDER FEDERAL LAW)

51. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length here.

52. The false detention of Plaintiff on September 16, 2021, resulted in false

imprisonment, as he was detained, in custody, and not free to leave for a considerable period of time by Defendants.

53. As a direct and proximate result, Defendants are liable to Plaintiff for false imprisonment under 42 USC § 1983, and the Fourth and Fifth Amendments to the United States Constitution.

## SIXTH CLAIM
## (**MALICIOUS PROSECUTION UNDER FEDERAL LAW**)

54. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length here.

55. At all relevant times referred to here, Defendants were acting under color of law within the scope of their employment.

56. Defendants initiated criminal proceedings against Plaintiff in Richmond County, charging him with various crimes.

57. The individual Defendants initiated this malicious prosecution to cover up their unlawful and unconstitutional conduct.

58. This malicious prosecution resulted in substantial post-arraignment liberty restraints on Plaintiff.

59. All criminal charges against Plaintiff were eventually dismissed in his favor.

60. As a direct and proximate result, Defendants are liable to Plaintiff for malicious prosecution under 42 USC § 1983 and the Fourth Amendment to the United States Constitution.

## SEVENTH CLAIM
## (**NEGLIGENCE**)

61. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length here.

62. Defendants are liable to Plaintiff because Defendants owed Plaintiff a cognizable duty of care as a matter of law, and Defendant breached that duty.

## EIGHTH CLAIM
## (**INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**)

63. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length here.

64. Defendants, through their conduct, individually and/or by their agents, servants

and/or employees, negligently and/or intentionally inflicted emotional harm upon Plaintiff.

65. Defendants' actions against Plaintiff were extreme and outrageous and caused Plaintiff severe emotional distress.

66. Defendants breached a duty owed to Plaintiff that either unreasonably endangered Plaintiff's physical safety or caused Plaintiff to fear for his own safety.

## NINTH CLAIM
## (MONELL CLAIM AGAINST CITY OF NEW YORK)

67. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length here.

68. Defendant City, through its policies, practices, and customs, directly caused the constitutional violations suffered by Plaintiff.

69. Upon information and belief, at all relevant times referred to here, Defendant City of New York was aware that the individual Defendants were unfit officers who had previously committed similar acts, had demonstrated propensities for unconstitutional conduct, had received inadequate training, and had prior complaints filed against them.

70. Despite this knowledge, Defendant City exhibited deliberate indifference by failing to take remedial actions. Defendant City failed to properly train, retrain, supervise, discipline, and monitor the individual Defendants and improperly retained and utilized them.

71. Prior to this incident, Defendant City was aware that the individual Defendants, in furtherance of its illegal customs, practices, and/or policies, would stop citizens without probable cause, make arrests without legal justification, prosecute innocent individuals, base arrests and prosecutions on pretextual grounds, and fabricate evidence to support false charges.

72. The existence of the aforesaid unconstitutional policies, practices, and customs may be inferred from repeated occurrences of similar wrongful conduct involving the individual Defendants, placing the Defendant City of New York on notice of the individual Defendants' propensity to violate the rights of individuals.

73. In addition to frequently violating the civil rights of countless residents of New York City, numerous members of the NYPD commit crimes. Officers have been arrested and convicted of such crimes as planting evidence on suspects, falsifying police reports, perjury, corruption, theft, selling narcotics, smuggling firearms, robbery, fixing tickets, driving under the influence of alcohol, vehicular homicide, assault, domestic violence, and more. In fact, just this

year, 2024, NYPD Commissioner Edward Caban resigned his post amid a federal government investigation. That same year, NYPD Officer Dwayne Montgomery pleaded guilty to conspiracy charges. In 2010, former NYPD Commissioner Bernard Kerik was convicted of corruption-related crimes in federal and state courts and served three years in federal prison. Then in 2011, Brooklyn South Narcotics NYPD Officer Jerry Bowens was convicted of murder and attempted murder in Supreme Court, Kings County, while under indictment for corruption and is presently serving a life sentence. Again in 2011, NYPD Police Officer William Eiseman and his subordinate Police Officer Michael Carsey were convicted of felonies in Supreme Court, New York County, for lying under oath, filing false information to obtain search warrants and performing illegal searches of vehicles and apartments. In 2012, NYPD Officer Michael Pena was convicted in Supreme Court, New York County, of raping and sexually assaulting a woman at gunpoint and is presently serving a sentence of 75 years to life.

74. The foregoing policies, practices, and customs of Defendant City and NYPD were the direct and proximate cause of the violations suffered by Plaintiff as alleged here.

75. As a direct and proximate result, Defendants are liable to Plaintiff under 42 USC § 1983.

**[REMAINING PAGE INTENTIONALLY LEFT BLANK]**

## PRAYER FOR RELIEF

76. **WHEREFORE**, Plaintiff demands a jury trial and respectfully requests the following relief, joint and severally, against all Defendants:

   a. a declaratory judgement that Defendant NYPD's policies, practices, and customs, which have been adopted and maintained on behalf of Defendant City, violates the United States constitution, as alleged here,

   b. a preliminary and permanent injunction enjoining Defendants from continuing to engage in the policies, practices, and customs complained of here,

   c. compensatory damages in an amount to be determined by a jury,

   d. punitive damages in an amount to be determined by a jury,

   e. reasonable costs, interest, and attorneys' fees under 42 USC § 1988(b), and

   f. such other and further relief as this Court deems just and proper.

Dated: December 30, 2024
   New York, NY

                                             Respectfully submitted,

                                             */s/ O. Williams Igbokwe*

                                             **O. Williams Igbokwe, Esq**.
                                             Igbokwe, PLLC dba
                                             Law Office of William Igbokwe
                                             *Attorney for Plaintiff*
                                             28 Liberty Street, 6th Floor
                                             New York, NY 10005
                                             (347) 467-4674
                                             will@iwlaws.com